IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States v. Jill Diane Applebury*
Case No. 3:17-cr-00121-TMB-MMS-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Jill Diane Applebury's Motion for Early Termination of Supervised Release (the "Motion").[1] The United States filed a response indicating its non-opposition to the motion.[2] United States Probation and Pretrial Services ("USPO") supports the Motion.[3] The matter is now ripe for resolution. For the reasons discussed below, the Motion is **GRANTED**.

On November 27, 2018, Applebury pleaded guilty to four counts of Bank Fraud in violation of 18 U.S.C. § 1344(2), one count of Wire Fraud in violation of 18 U.S.C. § 1343, and one count of Fraudulent Transactions with an Access Device in violation of 18 U.S.C. § 1029(a)(5), (c)(1)(A)(ii).[4] In the underlying offense, Applebury used her position as a bookkeeper to defraud her employer of over $700,000 over 12 years.[5] On April 11, 2019, the Court sentenced Applebury to 48 months imprisonment, five years of supervised release, and $644,323.26 in restitution.[6] Approximately 27 months remain on her supervised release.[7]

Applebury moves for early termination of her supervised release due to her full payment of restitution, successful completion of nearly three years of supervised release, and "positive transformation."[8] The Motion describes Applebury's close connection with her family, particularly her daughter, with whom Applebury shares a duplex.[9] Since Applebury's release, she has spent most of her time babysitting her grandchildren and visiting other family out of state.[10] During supervised release, Applebury was initially charged with one Class C violation related to

---

[1] Dkt. 479 (Motion for Early Termination of Supervised Release).
[2] Dkt. 483 (Government's Response to Motion for Early Termination (Non-Opposition)).
[3] Dkt. 482 (USPO Response to Motion for Early Termination).
[4] Dkt. 281; Dkt. 285.
[5] Dkt. 367 (Sealed Revised Final Presentence Report) at 2.
[6] Dkt. 373 (Judgment).
[7] Dkt. 482.
[8] Dkt. 479 at 3.
[9] *Id.*
[10] *Id.*

her position as a trustee of a family trust, but the Petition to Revoke was dismissed when Applebury established her continued role as trustee was in error.[11]

USPO also emphasizes that Applebury has maintained stable housing, achieved "financial stability through her retirement," and paid off her restitution.[12]

The Court must consider certain factors set forth in 18 U.S.C. § 3553(a) before terminating a defendant's supervised release.[13] Those factors include "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines."[14] The Court must also follow Federal Rule of Criminal Procedure 32.1. If the Court is "satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice," the Court may terminate a term of supervised release after the defendant completes one year of supervision.[15] Changed circumstances, such as "exceptionally good behavior by the defendant" may "render a previously imposed term of condition of release either too harsh or inappropriately tailored to serve the general punishment goals of [§] 3553(a)."[16]

Having reviewed the briefing in this matter, the Court concludes that early termination of Applebury's supervised release is warranted due to her exceptionally successful conduct on supervision. Given Applebury's payment of restitution in full, compliance with her supervised release conditions, and social and financial stability, the Court determines that early termination of her supervised release is appropriate.

Accordingly, the Court **GRANTS** the Motion at Docket 479. FURTHER, it is hereby **ORDERED** that Applebury's term of supervised release is terminated effective the date of this Order.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: October 9, 2024.

---

[11] *Id.* at 3–4; *see* Dkt. 441 (Petition for Summons for Person Under Supervision), Dkt. 474 (Text Order dismissing Petition to Revoke).
[12] Dkt. 482 at 1.
[13] 18 U.S.C. § 3583(e)(1) (citing § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).
[14] *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).
[15] 18 U.S.C. § 3583(e)(1).
[16] *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Miller*, 205 F.3d 1098, 1100–01 (9th Cir. 2000) (quoting *Lussier* "in keeping with the penological objectives and policies of § 3553(a)").